UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TROY COLEMAN, | : | CIVIL ACTION NO. |
|    Petitioner, | : | 3:10-CV-1675 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | FEBRUARY 21, 2012 |
|    Respondent. | : | |

**RULING RE: MOTION TO DISMISS (DOC. NO. 9), MOTION TO AMEND (DOC. NO. 3)
& MOTION TO APPOINT COUNSEL (DOC. NO. 14)**

**I.   INTRODUCTION**

The petitioner, Troy Coleman, moves the court to vacate his sentence under 28 U.S.C. § 2255, arguing, first, that the second offender and career offender enhancements to his sentence were improperly imposed in light of subsequent case law, and, second, that his counsel was ineffective for failing to challenge the enhancements at the time of sentencing.  Motion to Vacate (Doc. No. 1) ("Petition"). Coleman also seeks permission to amend his Petition to add a claim under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010).  See Motion to Amend (Doc. No. 3).

The government has moved to dismiss the Petition as time barred under 28 U.S.C. § 2255(f).  Mot. to Dismiss (Doc. No. 9).  For the following reasons, the Motion to Dismiss is granted.  Consequently, Coleman's Motion to Amend and his pending Motion to Appoint Counsel (Doc. No. 14) are terminated as moot.

**II.   BACKGROUND**

On July 23, 2004, a jury convicted Coleman of Possessing with Intent to Distribute and Distribution of 50 Grams or More of Cocaine Base, in violation of 21

1

U.S.C. §§ 841(a)(1) and (b)(1)(A).  Prior to conviction, the government filed a Notice Charging Prior Offense, pursuant to 21 U.S.C. § 851, advising that, as a result of a prior felony narcotics conviction, the defendant would face a mandatory minimum term of imprisonment of twenty years if convicted.

Coleman was first sentenced on October 12, 2004.  The Pre-Sentence Report (PSR) prepared by the United States Probation Office in advance of the sentencing concluded that Coleman's criminal history qualified him for career offender status under U.S.S.G. § 4B1.1(b)(A).  The PSR also concluded that the applicable sentencing guideline range was 360 months to life.  Absent objection from Coleman, the court adopted the PSR's factual findings and guideline calculation and imposed a sentence of 360 months' imprisonment.  See Judgment (Doc. No. 125), United States v. Coleman, Case No. 3:03-cr-92 (JCH).

Coleman filed a timely notice of appeal, and, on April 6, 2005, the Second Circuit remanded the case for a determination of whether resentencing was warranted in light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  See Mandate (Doc. No. 161), United States v. Coleman, Case No. 3:03-cr-92 (JCH).

The court resentenced Coleman on February 17, 2005.  The court again adopted the factual findings and guideline calculation of the PSR, again without objection from Coleman.  This time, however, the court departed from the guideline range and imposed a sentence of 240 months' imprisonment.  See Amended Judgment  (Doc. No. 169), United States v. Coleman, Case No. 3:03-cr-92 (JCH).  As the "primary reason" for the departure, the court cited its view that "the career offender guideline works to result in a

guideline sentencing range that is excessive in light of the prior sentences and the time served on those sentenced by this defendant." 2/16/06 Sentencing Transcript (Doc. No. 181) at 35, United States v. Coleman, Case No. 3:03-cr-92 (JCH).

Coleman again appealed, challenging the sufficiency of the evidence supporting his conviction and the jury instructions regarding that evidence but not his sentence. The Second Circuit affirmed the court's judgment on January 25, 2007. See United States v. Coleman, 215 Fed. Appx. 28 (2d Cir. 2007).

Coleman petitioned the Supreme Court for a writ of certiorari. The petition for certiorari was denied on May 14, 2007. See Coleman v. United States, 550 U.S. 947 (2007).

## III. DISCUSSION

Under section 2255, a federal petition for a writ of habeas corpus is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The statute of limitations begins running upon the occurrence of the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Coleman does not point to any past governmental action that prevented him from

3

filing a section 2255 petition, any Supreme Court decision relevant to his claims, or any fact underlying his claims that could only have been discovered after his conviction became final.[1]  Accordingly, the statute of limitations on Coleman's Petition began to run on "the date on which the judgment of conviction [became] final."  28 U.S.C. § 2255(f)(1).

A judgment of conviction becomes final on the date the Supreme Court of the United States affirms a petitioner's conviction or denies a petition for certiorari, or when the time for filing a petition for certiorari has expired.  See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality [of a judgment] attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  The Supreme Court denied Coleman's petition for certiorari on May 14, 2007.  Thus, the one-year statute of limitations expired on May 14, 2008, more than two years before Coleman filed the instant Petition.

The one-year statute of limitations is not a "jurisdictional bar."  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  The court, in its discretion, may equitably toll the statute of limitations period.  See id.  However, "[e]quitable tolling applies only in rare and exceptional circumstance[s]."  Id.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v.

---

[1] The court notes that Coleman's legal arguments regarding the inappropriateness of his second offender and career offender enhancements are premised on district court decisions that postdate his conviction.  The dates of these decisions, however, are irrelevant to the court's time bar analysis.  A court decision articulating a new legal ground for a petitioner's claim does not constitute a new "fact" for purposes of section 2255(f)(4).  See Tellado v. United States, 799 F. Supp. 2d 156, 163 (D. Conn. 2011).

DiGuglielmo, 544 U.S. 408, 418 (2005); see also Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008).  The Second Circuit has also expressly left open the question of whether the statute of limitations may be equitably tolled based on a petitioner's demonstration of actual innocence.  Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004) ("We have not yet decided this question, reasoning that we should decide whether the Constitution required tolling for innocence only in a case in which the petitioner can show that, because he can demonstrate his actual innocence, he would be injured if not entitled to tolling on this basis.").

In his Objection to the government's Motion to Dismiss, Coleman argues that the statute of limitations should be tolled because he is "actually innocent" of being a career offender.  Pet'r's Objection (Doc. No. 18) at 3.  The Second Circuit, however, has explicitly rejected "the proposition that misclassification as a career offender is equivalent to a claim of actual innocence."  Poindexter v. Nash, 333 F.3d 372, 380 (2d Cir. 2003) (internal quotation marks and citation omitted).  Like the petitioner in Poindexter, Coleman has not suggested that he did not actually commit the crimes underlying his career offender classification.  Compare Poindexter, 333 F.3d at 381, with Petition at 5.  Instead, he argues only that, under current law, his prior state felony conviction would "not automatically qualify as a career offender predicate" because it was the result of an Alford plea.  Petition at 5.  This is not a claim of actual innocence.  See Williams v. United States, 117 Fed. Appx. 132, 133 (2d Cir. 2004) ("Actual innocence in a noncapital case means that the defendant did not commit the crime.").  Accordingly, Coleman is not entitled to equitable tolling of the statute of limitations, and

5

his Petition is time barred.[2]

## IV. CONCLUSION

For the foregoing reasons, the government's Motion to Dismiss (Doc. No. 9) is granted.  Additionally, Coleman's pending Motion to Amend (Doc. No. 3) and Motion to Appoint Counsel (Doc. No. 14) are terminated as moot.[3]

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 21st day of February, 2012.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[2] On February 10, 2012, Coleman filed a "Response to the Government's Brief."  Doc. No. 20. The filing appears to set forth an opinion of another court concerning a petitioner Magwood and a second habeas petition.  The court does not understand how this relates to Coleman's Petition.

[3] The court notes that granting Coleman's Motion to Amend would have no effect on its analysis of the time-bar issue.  Additionally, even if his claim was not time barred, Coleman would not be entitled to relief under the Fair Sentencing Act (FSA).  The revised mandatory minimums of the FSA are not retroactively applicable to defendants convicted and sentenced before its passage.  See United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010).

6